IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

GARY L. DAVIS,

      Plaintiff,

v.                                CASE NO. 2:04-cv-00360

JO ANNE BARNHART,
Commissioner of Social Security,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Presently pending before the court are cross-motions for judgment on the pleadings.

Plaintiff, Gary Lee Davis (hereinafter referred to as "Claimant"), protectively filed an application for DIB on March 16, 1999, alleging disability as of January 1, 1999, due to back pain and resulting limitations.  (Tr. at 60-62, 91.)  The claim was denied initially and upon reconsideration.  (Tr. at 42-46, 51-53.)  On December 16, 1999, Claimant requested a hearing before an

Administrative Law Judge ("ALJ"). (Tr. at 54.) The hearing was held on July 17, 2001, before the Honorable Eugene L. Bond. (Tr. at 533-66.) By decision dated December 20, 2001, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 22-31.) On February 13, 2004, the Appeals Council considered a portion of new evidence submitted by Claimant and determined it did not provide a basis for changing the ALJ's decision. Regarding the remaining new evidence submitted by Claimant, the Appeals Council stated it would forward this evidence to the local hearing office to be included in Claimant's subsequent application because it did not relate to the time period prior to the ALJ's decision on December 20, 2001. (Tr. at 10-16.) On April 14, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2001). If an individual is found "not disabled" at any

step, further inquiry is unnecessary. Id. § 404.1520(a). The
first inquiry under the sequence is whether a claimant is currently
engaged in substantial gainful employment. Id. § 404.1520(b). If
the claimant is not, the second inquiry is whether claimant suffers
from a severe impairment. Id. § 404.1520©). If a severe
impairment is present, the third inquiry is whether such impairment
meets or equals any of the impairments listed in Appendix 1 to
Subpart P of the Administrative Regulations No. 4. Id. §
404.1520(d). If it does, the claimant is found disabled and
awarded benefits. Id. If it does not, the fourth inquiry is
whether the claimant's impairments prevent the performance of past
relevant work. Id. § 404.1520(e). By satisfying inquiry four, the
claimant establishes a prima facie case of disability. Hall v.
Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts
to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th
Cir. 1983), and leads to the fifth and final inquiry: whether the
claimant is able to perform other forms of substantial gainful
activity, considering claimant's remaining physical and mental
capacities and claimant's age, education and prior work experience.
20 C.F.R. § 404.1520(f) (2001). The Commissioner must show two
things: (1) that the claimant, considering claimant's age,
education, work experience, skills and physical shortcomings, has
the capacity to perform an alternative job, and (2) that this
specific job exists in the national economy. McLamore v.

3

Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 23.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of spondylolisthesis of the lumbar spine and neck and shoulder pain.[1] (Tr. at 24, 30.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 24-25.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 25.) As a result, Claimant cannot return to his past relevant work. (Tr. at 29.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as garment bagger, packer and boner-stayer, which exist in significant numbers in the national economy. (Tr. at 30.) On this basis, benefits were denied. (Tr. at 30.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

---

[1]  As discussed further below, the ALJ indicated at one point in his decision that Claimant's depression and occupational pneumoconiosis were severe, but later stated they were not. (Tr. at 24, 28.)

4

> "evidence which a reasoning mind would accept
> as sufficient to support a particular
> conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less
> than a preponderance. If there is evidence to
> justify a refusal to direct a verdict were the
> case before a jury, then there is 'substantial
> evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting

Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)).

Additionally, the Commissioner, not the court, is charged with

resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d

1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not

abdicate their traditional functions; they cannot escape their duty

to scrutinize the record as a whole to determine whether the

conclusions reached are rational." Oppenheim v. Finch, 495 F.2d

396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the

Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was forty-six years old at the time of the

administrative hearing. (Tr. at 538.) Claimant completed the

eleventh grade. (Tr. at 538.) Claimant has a twenty-three year

history of working in the coal mines. (Tr. at 538, 542.)

The Medical Record

The court has reviewed all evidence of record, including the

medical evidence of record, and will discuss it further below as

necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the Appeals Council failed to explain the weight afforded new evidence submitted by Claimant; (2) the ALJ should have called a medical expert; (3) the ALJ failed to explain the weight afforded the opinions of Claimant's treating and examining medical sources; (4) the ALJ erred in his pain and credibility findings; (5) the ALJ failed to consider the combined effect of Claimant's impairments; (6) the ALJ failed to properly explain and support his residual functional capacity finding; and (7) the ALJ's hypothetical question did not include all of Claimant's limitations supported by the record. (Pl.'s Br. at 15-20.)

The Commissioner argues that (1) the ALJ's decision is consistent with the statutory scheme for evaluating disability claims; (2) Claimant had the capacity to perform the unskilled light jobs identified by the vocational expert; and (3) the ALJ's pain and credibility findings are supported by substantial evidence. (Def.'s Br. at 6-10.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because he failed to acknowledge all of the evidence from Claimant's treating physician, Miraflor G. Khorshad, M.D., or explain the weight afforded such evidence. Claimant has been diagnosed with

spondylolisthesis, L5-S1 and degenerative changes with intermittent L5 radicular pain on the left.  (Tr. at 334.)  Dr. Khorshad, a family practitioner, treated Claimant over a several year period beginning in 1998, for this and other conditions.  The record before the ALJ included treatment notes from Dr. Khorshad (Tr. at 319-21, 330-32, 335-40), a letter dated January 4, 1999 (Tr. at 333-34), and two Residual Functional Capacity Assessments completed on November 24, 1999 (Tr. at 322-27) and June 20, 2001 (Tr. at 439-52).[2]

The ALJ explained in his decision that he afforded significant weight to the opinion expressed in Dr. Khorshad's January 4, 1999, letter that Claimant was not fit to return to his present job in the coal mines and that he was totally disabled from performing the physical work requirements of his present job.  The ALJ stated that such an opinion was not inconsistent with his finding that Claimant could perform light work with a sit/stand option.  The ALJ asserted that such an opinion was also consistent with the opinion of Syed A. Zahir, M.D., an orthopedist who opined that Claimant could perform light or sedentary work and other specialists, including William B. Sale, M.D., Joseph A. Snead, M.D. and Robert J. Crow, M.D.  (Tr. at 26, 271.)

At the same time that he accepted the January 4, 1999, opinion

---

[2]  Claimant also submitted additional evidence from Dr. Khorshad to the Appeals Council.  (Tr. at 472-96.)

of Dr. Khorshad, the ALJ explained that he did not afford significant weight to the opinion of Dr. Khorshad expressed on a Residual Functional Capacity Assessment form completed on November 24, 1999.  The ALJ explained that Dr. Khorshad

> is a treating physician, but the record does not indicate that she is an orthopedic specialist, as are Drs. Zahir, Sayles [sic] and Snead.  Further, Dr. Khorshad presented her opinion that that [sic] the claimant would be unable to perform heavy, medium, light or sedentary type work. However, in the next section, she goes on to state that she is not in the position to know how long the claimant could perform activities such as prolonged sitting, prolonged walking, prolonged standing, because she has not seen the claimant since June 30, 1999.  If she cannot state how long the claimant could engage in these activities, she could not predict what type of exertion work level he was suited for.  Dr. Khorshad's recommendations for the claimant to sit down and rest throughout the day are adopted insofar as the residual functional capacity permits for him to work at a job that allows the option to sit or stand.  It is also noted that several times Dr. Khorshad writes that she would recommend vocational rehabilitation, indicating her belief that the claimant is in fact capable of returning to a different type of work.  (Exhibit 23F).

(Tr. at 27.)

The ALJ makes no mention of a General Medical Examination and Assessment completed by Dr. Khorshad on June 20, 2001.  On this Assessment, Dr. Khorshad opined that Claimant is capable of sedentary work (on the earlier Assessment, she indicated Claimant could not perform such work), but she also opined that Claimant would be limited in pushing and pulling because of pain, that Claimant must recline during the day and take frequent rest breaks, that Claimant suffers moderate to severe pain, that he has muscle

8

spasm and weakness and that he cannot perform full-time work for eight hours per day, forty hours per week.  (Tr. at 445-51.) Claimant's impairments are significant.  It is unclear to the court whether the ALJ was aware of this additional opinion rendered by Dr. Khorshad or the weight afforded it.  As such, the court proposes that the presiding District Judge remand this matter for further consideration of the opinions of Claimant's treating physician, Dr. Khorshad.

As additional grounds for the court's recommendation of remand, the court notes inconsistencies in the ALJ's findings about the severity of Claimant's impairments.  The ALJ initially found Claimant's depression and occupational pneumoconiosis to be severe (Tr. at 24), but later in his decision stated that Claimant's depression and occupational pneumoconiosis were nonsevere impairments.  (Tr. at 28.)  The court notes that one State agency medical source opined that Claimant should avoid concentrated exposure to extreme cold, heat, wetness and fumes, odors, gases and poor ventilation and that he should avoid even moderate exposure to vibration and hazards  (Tr. at 276), limitations not found in the ALJ's residual functional capacity assessment.  The court proposes that the presiding District Judge find that the ALJ's decision is in need of clarification and additional explanation regarding which impairments are severe or nonsevere.  If these impairments are severe, the residual functional capacity finding should reflect the

limitations that result from such impairments.

The court further proposes that the presiding District Judge find that the ALJ's pain and credibility analysis is not supported by substantial evidence. The ALJ acknowledged that Claimant alleged constant pain that prevents him from standing or walking for long periods of time, that the pain affects his sleep and that his activities have been affected. The ALJ noted, based on statements made on questionnaires completed at the time Claimant filed his application, Claimant's ability to wash the car, mow the lawn, take out the trash, run errands, wash dishes and drive. He noted that while Claimant complained that "it takes him twice as long to mow the lawn as it takes his son, he is nonetheless capable of performing this fairly strenuous activity (Exhibits 1E, 2E and 6E)." (Tr. at 27.) This is the extent of the ALJ's consideration of the factors identified in 20 C.F.R. § 404.1529©)(3) (2001).

The ALJ made no mention of Claimant's medication or side effects. Claimant testified that he takes Oxycodone, Celebrex, Zyban and Zestril, but that he only takes the Oxycodone when absolutely necessary. (Tr. at 548.) Claimant testified that his medications do not help and that they make him feel "drunk." (Tr. at 548.) Claimant also testified that he uses a TENS unit. (Tr. at 548.) The ALJ did not acknowledge the nature of Claimant's pain, which Claimant described repeatedly throughout the record as his "leg goes dead without warning, or it just goes numb, and I

just fall." (Tr. at 546, 112.) Notably absent from the ALJ's decision is Claimant's testimony at the administrative hearing about the effect of his pain, including that he has difficulty remembering things and concentrating and that he is irritable. (Tr. at 112-13, 552-53.) Although Claimant made the above statements about his activities at the time he filed his application, he also stated that he performed these tasks as he can and that he had to "stop and rest back and legs." (Tr. at 85.) Regarding his ability to mow the lawn, Claimant stated on a questionnaire that "it take[s] my son about 25 minutes to mow the lawn, it's a small lawn. If I attempt it I'm over 1 hour, because it hurts so bad and if mower don't start on 2 or 3 trys forget it." (Tr. at 113.) The ALJ does not acknowledge at all, Claimant's testimony at the administrative hearing that he now spends his days sitting on a stool leaning against a counter in his kitchen, sitting on a glider on his porch and piddling all day or that he cannot ride a lawn tractor or hunt. (Tr. at 540, 552.)

The ALJ stated in his decision that he rejected Claimant's subjective complaints of pain because they were inconsistent with the objective evidence in the record and Claimant's daily activities. (Tr. at 28.) The court cannot recommend that the ALJ's conclusions regarding Claimant's credibility are supported by substantial evidence. In this, a case where Claimant suffers from Grade I, L5, S1 spondylolisthesis, the ALJ's pain and credibility

analysis is superficial, relies on evidence developed at the time Claimant filed for benefits and ignores much of the evidence developed at the administrative hearing regarding Claimant's subjective complaints of pain and other symptoms. As such, the court proposes that the presiding District Judge remand this matter for further consideration of Claimant's subjective complaints of pain and other symptoms in keeping with the applicable regulation cited above. On remand, the ALJ will have the benefit of letters submitted to the Appeals Council from Claimant's friends, family and coworkers, many of whom have known Claimant for several years and which speak to Claimant's condition over an extended period of time. (Tr. at 503-25.)

Regarding the remaining issues raised by Claimant, the court makes no recommendation in this regard, as these issues can be addressed on remand.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge GRANT the Plaintiff's Motion for Judgment on the Pleadings to the extent he seeks remand and otherwise DENY Plaintiff's Motion, DENY the Defendant's Motion for Judgment on the Pleadings, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and

Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

 April 14, 2005                        _Mary E. Stanley_
        Date                           Mary E. Stanley
                                       United States Magistrate Judge